Robert C. MATTHEWS et ux.,
Petitioners,

v.

CANDLEWOOD BUILDERS, INC. et al., Respondents.

No. C–3416.

Supreme Court of Texas.

March 6, 1985.

Earl Rutledge, Fort Worth, for petitioners.

Lively, Wilson & Gieb, John Lively and Conrad Kasselman, Jr., Fort Worth, for respondents.

## PER CURIAM.

The question we review is whether Matthews was entitled to recover attorney fees on his counterclaim that Candlewood failed to timely complete a residence. In an unpublished opinion, the court of appeals held that Matthews was not entitled to attorney fees. We reverse the court of appeals' denial of Matthews' attorney fees and render judgment that Matthews recover these fees. We affirm the judgment of the court of appeals in all other respects.

Candlewood, a construction company, and Matthews entered into a written contract whereby Candlewood was to construct a residence for Matthews within a 160–day period. Candlewood sued Matthews for debt based on the contract. Matthews counterclaimed alleging that Candlewood breached the contract and violated the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), Tex.Bus. & Com.Code Ann. §§ 17.41–.63. Matthews alleged four separate grounds for recovery of damages against Candlewood: (1) failure to build the house substantially free of defects in materials and workmanship; (2) construction of a beam and truss foundation inferior to that originally designed; (3) failure to timely complete the house; and (4) calculation of the wallpaper allowance in a false, misleading and deceptive manner. Matthews also sought attorney fees under the DTPA and under Tex.Rev.Civ.Stat.Ann. article 2226.

The case was tried to a jury which awarded Candlewood $2,676.25. The jury awarded Matthews $672.00 for interim construction loan interest based upon Matthews' claim that Candlewood failed to timely complete the residence. The jury also awarded Matthews attorney fees. The trial court disregarded numerous jury findings including this award of attorney fees. Judgment was rendered for Candlewood in the net amount of $2,004.25. The court of appeals affirmed the trial court's judgment, holding that Matthews could not recover attorney fees and that he was only entitled to an offset.

■ We held in *McKinley v. Drozd*, 685 S.W.2d 7 (Tex.1985), that a consumer can recover attorney fees incurred in the successful prosecution of a DTPA claim, even though the amount of damages awarded to the consumer is entirely offset by the amount awarded to an opposing party. We also decided that the same rule applies for recovery of attorney fees under article 2226. Accordingly we hold that Matthews is entitled to attorney fees based on his recovery of the $672.00 against Candlewood.

■ Candlewood complains that the attorney fees award should be denied because Matthews has furnished no evidence by which the fees could be allocated to the claims in which they were incurred. The special issue on attorney fees, however, requested the jury to find Matthews' attorney fees for the entire case, rather than separately allocating the fees to each attorney fee bearing claim, as recommended in *Bray v. Curtis*, 544 S.W.2d 816, 820 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Candlewood did not object to this broad attorney fee issue; therefore, any complaint that the trial court allowed the jury to consider and award attorney fees not associated with Matthews' successful claim has been waived. Tex.R.Civ.P. 274.

Pursuant to Tex.R.Civ.P. 483, and without hearing oral argument, we reverse the judgment of the court of appeals on the issue of attorney fees and render judgment that Matthews recover these fees. We affirm the judgment of the court of appeals in all other respects.