**RIO FRESH, INC., Appellant,**

v.

**CONSOLIDATED PRODUCE BROKERS, Appellee.**

No. 13-85-261-CV.

Court of Appeals of Texas, Corpus Christi.

May 8, 1986.

Rehearing Denied June 5, 1986.

Tom Wilkins, Wilkins, Slusher & Kelly, McAllen, for appellant.

Maria Antonia Ramirez, Jones, Lewis & Pettitt, McAllen, for appellee.

Before SEERDEN, UTTER and BENA-VIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury unanimously found that appellant owed appellee $2,120 for truck services, and that appellee had not been paid. The court entered a judgment on the verdict and assessed attorney's fees against appellant. We affirm the judgment except that portion awarding attorney's fees for the appeal.

■ By points one and two, appellant contends there was no evidence or factually insufficient evidence to support the jury's finding that it was indebted to appellee for truck services rendered. By point four, appellant claims that the jury's finding that the check dated May 2, 1983, did not include payment of the claim asserted in this suit is against the great weight and preponderance of the evidence.

In considering a "no evidence" or "insufficient evidence" point, we follow the well-established test set out in *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). The jury determines the credibility of the witnesses and weighs the evidence. *Tenngasco Gas Gathering Co. v. Fischer,* 624 S.W.2d 301, 305 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). We have reviewed the record and find that sufficient evidence of probative value supports the jury's findings.

Appellee introduced an invoice for the shipment on which this suit is based, showing the amount due as $2,120. Glenn Davis, who was appellant's employee at the time of the transaction, testified that he telephoned appellee to obtain a truck. William Morley, appellant's witness, testified that the truck was to deliver celery to a George Tiefer in New York, that Tiefer accepted delivery, and that he received payment from the New York produce broker who arranged the sale to Tiefer. J.W. Thomas, a partner in Consolidated Produce Brokers, testified that appellee made advances to the trucker and paid him the remainder due him under the contract after delivery, but that appellant never paid appellee a cent on that contract.

Truck brokers J.W. Thomas and Claude Webb testified to the customary role of a broker. A shipper tells a broker his transportation needs. A broker, who knows the truckers and their vehicles, negotiates the transportation contract and advances travel money to the trucker. After the delivery, the broker collects the fee, keeps his percentage and the amount advanced, and pays the trucker the remainder due him on the contract.

The parties also testified about a meeting to settle various accounts. Appellant showed it had paid $9,950.50 by check. However, invoices were produced showing the other accounts, and Thomas testified that the invoices for the other accounts totaled the amount of the check, and that this claim was not settled. Morley testified that he thought it was settled that he would not pay. We overrule points one, two, and four.

■ Appellant's point three, discussed with points one and two, argues that the court erred in granting judgment for appellee, alleging there was no basis in fact or at law on which the court could award the recovery. The gravamen of appellant's argument is that the contract was with the trucker and that appellee cannot sue because of a lack of privity of contract. Appellant also argues that the amount owed appellee was only a $233 brokerage fee.

The contract in this case was made by telephone, as is customary in the trade. Thomas testified that it is customary for the broker to make advances to the trucker

on behalf of the shipper, and that it was not unusual for a broker to pay a trucker before collecting the freight from the shipper. He said, "it is done every day." He also said, "but normally we have to collect from Rio Fresh and pay the trucker and hold our commission out of the freight." Morley admitted that he paid appellee, not the trucker, on other invoices. According to Webb's testimony, it is the trucker who pays the brokerage fee, and the broker collects the freight and settles with the trucker. Moreover, appellant called appellee, not the trucker, to request services. We find that the broker can sue on the contract and overrule point three.

By point five, appellant contests the trial court's award of attorney's fees in case of an appeal, alleging error because no request was made in the pleadings, no evidence was presented, and no issue was submitted to the jury. Appellant does not contest the award of attorney's fees for the trial.

The awarding of attorney's fees is within the sound discretion of the trial court, and its judgment will not be disturbed absent a clear showing of an abuse of that discretion. *Buffalo Savings & Loan v. Trumix Concrete*, 641 S.W.2d 650, 655 (Tex.App.—Corpus Christi 1982, no writ); *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). However, a finding must be supported by some evidence. Since no evidence or pleadings support the award, we find that the judge abused his discretion in awarding attorney's fees on appeal. We sustain point five.

By crosspoint, appellee urges us to assess a ten percent penalty as damages under TEX.R.CIV.P. 438 and TEX.R.CIV.P. 435, alleging that the appeal was taken for delay and without sufficient cause. The question of attorney's fees on appeal is not itself grounds for appeal. We find that the questions raised by appellant are contrary to well-settled and established principles of law, and agree with appellee that the only purpose of this appeal was for delay. We find that the assessment of the statutory interest on the judgment is not adequate compensation. Thus, in accordance with Rules 435 and 438, we assess an additional ten percent (10%) penalty. *Southern Life v. Medrano*, 698 S.W.2d 457, 462 (Tex.App.—Corpus Christi 1985, no writ); *Page v. Cotton Construction Co.*, 617 S.W.2d 723, 725 (Tex.App.—Houston [14th Dist.] 1981, no writ).

We REVERSE the award of attorney's fees on appeal, and RENDER that appellee take no attorney's fees for the appeal. We AFFIRM the judgment in all other respects. In addition, an additional ten percent (10%) of the principal amount of the judgment is assessed against appellant.