**Tom JACKSON, Appellant,**

v.

**Roy R. BARRERA, Appellee.**

**No. 04–86–00465–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 21, 1987.

Rehearing Denied Nov. 24, 1987.

Thomas Rocha, Jr., San Antonio, for appellant.

Richard Karam, J. Bruce Mery, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

BUTTS, Justice.

Our previous opinion dated June 24, 1987 is withdrawn.

This is a breach of contract suit brought as a declaratory judgment action. Tom Jackson, the buyer and defendant, appeals from a judgment awarding attorney fees to Roy R. Barrera, seller and plaintiff.

Barrera, the seller, and Tom Jackson entered into a real estate contract for the sale of land. Jackson was to purchase the land for the sum of $486,122.00 and construct a mobile home park on Barrera's more than 69 acres in Bexar County. Pursuant to the earnest money contract Jackson deposited a $120,000.00 note with the title company, the note to be converted to cash prior to the closing of the sale. Although Barrera prevailed at the jury trial, the trial court subsequently declared the note of $120,-000.00, specified as liquidated damages by the earnest money contract, to be a penalty and not liquidated damages, disallowing its recovery but permitting recovery of actual damages.

The only statement of facts brought to this court is the brief hearing on attorney fees. It played a small part in the entire trial, which was to a jury, as well as a trial to the court on the legal status of damages

(liquidated damages or penalty). The only evidence presented for review on appeal is in that limited statement of facts.

The limited subject on appeal is attorney fees in the sum of $22,625.00 which were awarded Barrera.[1]

Among the trial court's findings of fact is this:

(1.) Reasonable attorneys fees incurred by the Plaintiff are in the sum of TWEN-TY–TWO THOUSAND SIX HUNDRED TWENTY–FIVE AND NO/100 ($22,-625.00) DOLLARS for services rendered through the trial of this case.

The court then concluded "that the Plaintiff is entitled to recover his actual damages found plus reasonable attorney's fees as found by the Court and court costs." Thus the question of reasonableness of the attorney fees was established by the trial court.

In four points of error Jackson challenges the evidence, legally and factually, to support the award of attorney fees. He says they are not reasonable and they are excessive.

The evidence reflects that at the hearing on attorney fees, the parties *stipulated* that the evidence would be admitted that Barrera's attorney spent 181 hours in preparation and on the trial and his customary fee was $125.00 per hour. It was further stipulated that an expert (attorney) would testify if he were called to do so that the number of hours were reasonable and necessary as was the per hour amount. To Barrera the trial court stated, "You are stipulating that there is some evidence that that is a reasonable and necessary amount of hours and fee in Bexar County." To Jackson, the court stated, "you are not agreeing that it is, you are saying that the evidence is admitted." The court further stated, "[I]t's not agreed or stipulated that anybody is going to recover ... those amounts stipulated to, but there is legally sufficient, I guess, factually sufficient evidence, competent evidence of those amounts that you stated. Those stipulations are accepted by the Court."

The jury found in favor of Barrera. After the jury trial the court recessed but conducted a hearing on attorney fees and the liquidated damage clause/penalty clause a few weeks later. It thereafter filed its findings of fact and conclusions of law, finding not only that the sum of attorney fees was reasonable but also that Barrera was the prevailing party. Subsequent to that, the court denied Jackson's motion for partial new trial, which related to attorney fees.

■ The trial court did not separate the claim for attorney fees nor allocate the award to the claims in which they might have been incurred, if, indeed, there was a claim other than breach of contract. Nor was the trial court requested to allocate the attorney fees award to particular claims. *See Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649, 650 (Tex.1985). In the instant case, as in *Matthews*, the finding of attorney fees was for the entire case. The record does not reflect objection to this. As stated in *Matthews*, "Therefore, any complaint that the trial court allowed the jury to consider and award attorney fees not associated with [the] successful claim has been waived." *Id.* at 650. The same reasoning applies in this case. Any claim of allocation has been waived. Thus, any argument that the attorney fees were not reasonable because of failure of the court to allocate claims has been waived.

■ The standard of review regarding the propriety of the award of attorney fees is abuse of discretion by the trial court. When there is some evidence to support the award, it will not be disturbed absent an abuse of discretion. *Rio Fresh, Inc. v. Consolidated Produce Brokers*, 710 S.W.2d 174, 176 (Tex.App.—Corpus Christi 1986, no writ); *Prairie Valley Independent School District v. Sawyer*, 665 S.W.2d 606, 611 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

The record on appeal reflects the trial court had before it the stipulations comprising the evidence on attorney fees. There

---

1. TEX.CIV.PRAC & REM.CODE ANN. § 38.001(8) (Vernon 1986).

was no controverting evidence that the fees were unreasonable or unnecessary or excessive. The amount of fees awarded was supported by some evidence. Considering the record before this court, we cannot say that evidence was insufficient either legally or factually to support the award. And further considering the record, we cannot say the award was excessive. Accordingly, no abuse of discretion has been shown.

The motion for rehearing is granted. The judgment is affirmed.