**Rhonda BONNER, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 03–99–00330–CV.**

Court of Appeals of Texas,
Austin.

Jan. 6, 2000.

James M. Baker, Baker & Crampton, L.L.P., Austin, for appellant.

Wade C. Crosnoe, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for appellee.

Before Justices JONES, KIDD and PATTERSON.

KIDD, Justice.

This case involves the application of the prompt payment provisions of the Texas Insurance Code article 21.55. *See* Tex.Ins. Code Ann. art. 21.55 (West Supp.2000). Rhonda Bonner appeals from a take-nothing judgment contending that pursuant to article 21.55 section 6, she is entitled to recover her attorney's fees. We will affirm in part and reverse and render in part the trial court's judgment.

## Background

Following a car accident in October 1997, Bonner submitted a written notice of claim to her insurer, Allstate Insurance Company (Allstate), for personal injury protection (PIP) benefits under her automobile insurance policy.[1] Along with her

---

**1.** The PIP provision of the policy provided    coverage for actual losses and expenses up to

notice she submitted a chiropractic bill for $1,802. Allstate reduced the claim and promptly paid Bonner $1,619.

On December 11, 1997, Bonner submitted a written notice of claim to Allstate for uninsured motorist (UM) benefits under the same insurance policy.[2] In accordance with the prompt payment provisions of the Insurance Code, Bonner attached supporting documents and offered to settle her claim. See Tex.Ins.Code Ann. art. 21.55 § 2. Allstate denied Bonner's claim for UM benefits.

Bonner then filed suit against Allstate seeking to recover UM benefits under her insurance policy. She alleged she sustained injuries in the car accident that were proximately caused by the negligence of an uninsured motorist. Additionally, Bonner alleged that Allstate failed to comply with the prompt payment provisions of article 21.55 because it did not acknowledge her UM claim within fifteen days of receipt. See Art. 21.55 § 2. Based on these allegations, Bonner asserted that she was entitled to recover damages, her attorney's fees, and costs.[3]

During discovery, Bonner requested that Allstate admit certain facts including: (1) that the accident was caused by the negligence of an uninsured motorist; (2) that Bonner sustained damages in the form of medical bills for treatment of injuries sustained in the accident; and (3) that Allstate failed to acknowledge Bonner's UM claim within fifteen days of receiving the claim. Allstate refused to admit any of these facts. Shortly before trial, however, the parties submitted a Rule 11 agreement in which Allstate stipulated, "Within 15 days after receipt of [Bonner's] written notice of her UM claim, Allstate did not acknowledge receipt of the claim."

At trial, the jury returned a verdict finding: (1) the negligence of the uninsured driver proximately caused the automobile accident; (2) $1,000 would reasonably compensate Bonner for chiropractic care, however, the jury found zero for her claims of physical pain and suffering and physical impairment; and (3) $7,500 was a reasonable fee to compensate Bonner's attorneys for their preparation and trial, however, the jury found zero for attorney's fees for an appeal to either the court of appeals or the supreme court.

Because the insurance policy contained a nonduplication-of-PIP-benefits provision, the trial court offset the $1,000 UM damage finding against the PIP payment of $1,619 and rendered judgment that Bonner take nothing on her damage claim. Additionally, the trial court refused to award attorney's fees and costs to Bonner.

### Discussion

On appeal Bonner concedes that the trial court properly offset the $1,000 UM damages found by the jury with the $1,619 PIP coverage payment. See Mid–Century Ins. Co. v. Kidd, 997 S.W.2d 265, 267 (Tex.1999); Laurence v. State Farm Mut. Auto. Ins. Co., 984 S.W.2d 351, 356 (Tex. App.—Austin 1999, pet. denied). She contends, however, that she was entitled to recover $7,500 as attorney's fees in accordance with the jury's verdict because Allstate did not follow the procedure outlined

---

$20,000 per person and $40,000 per accident incurred within three years of the date of the accident.

**2.** The UM provision of the policy provided coverage for bodily injury up to $20,000 per person and $40,000 per accident.

**3.** Bonner's complaints relate only to Allstate's handling of her UM claim. She does not complain about Allstate's handling of her PIP claim.

in article 21.55 section 6 when addressing her UM benefits claim.

The purpose of article 21.55 is to "obtain prompt payment of claims made pursuant to policies of insurance." Art. 21.55 § 8. Article 21.55 includes definitions and sets out the procedure insurers are required to follow when an insured submits a claim for benefits. Art. 21.55 § 2. Article 21.55 also provides a remedy for an insured whose claim is not promptly addressed by their insurer. Art. 21.55 § 6. The statute seems to clearly provide that attorney's fees are mandatory for a violation of the article. *Id.* Finally, article 21.55 is to be *liberally construed* to promote the prompt payment of claims. Art. 21.55 § 8 (emphasis added).

The procedure for addressing a benefits claim requires that an insurer shall, not later than the fifteenth day after receiving written notice of a claim, acknowledge receipt of the claim. Art. 21.55 § 2(a)(1). A "claim" is defined as a first-party claim made by an insured under an insurance policy that *"must be paid by the insurer directly to the insured."* Art. 21.55 § 1(3) (emphasis added). Once an insurer is determined to be liable to pay a claim and it is established that the insurer did not comply with the article 21.55 section 2 procedure when addressing the claim, the insurer *shall pay* the insured, in addition to the amount of the claim, reasonable attorney's fees. Art. 21.55 § 6. If suit is filed, the attorney's fees shall be taxed as part of the costs in the case. *Id.*[4]

Allstate contends that the trial court correctly determined that Bonner was not entitled to recover her attorney's fees under article 21.55. Allstate argues that because the consequence of the offset was

that it did not have to pay any additional damage sum to Bonner beyond the PIP payment, the UM claim was not one that "must be paid by the insurer directly to the insured." Consequently, urges Allstate, because Bonner's UM claim did not meet article 21.55's definition of "claim," it was excused from complying with the procedure outlined in article 21.55 section 2.

Bonner suggests that the facts in this case are similar to those at issue in *Dunn v. Southern Farm Bureau Casualty Insurance Company,* 991 S.W.2d 467 (Tex. App.—Tyler 1999, pet. denied). In that case the Dunns submitted a PIP benefits claim under their automobile insurance policy and then submitted a UM benefits claim under the same policy. Southern Farm promptly paid the PIP benefits claim. *See Dunn,* 991 S.W.2d at 471. Later, when Dunn submitted the UM benefits claim, the insurer failed to follow the procedure outlined in article 21.55 section 2. The *Dunn* court held that an insurer must comply with the 21.55 procedure every time an insured presents a claim. *Id.* at 472. Southern Farm's compliance with 21.55 when addressing the PIP benefits claim did not excuse it from following the article 21.55 procedure when addressing Dunn's UM benefits claim. Because Southern Farm failed to comply with the article 21.55 section 2 procedure when addressing Dunn's UM benefits claim, Dunn was entitled to recover attorney's fees pursuant to article 21.55 section 6. *Id.* at 474–75.

Allstate contends that the facts in this case are similar to those at issue in *Blizzard v. Nationwide Mutual Fire Insurance Company,* 756 S.W.2d 801 (Tex. App.—Dallas 1988, no writ). Following an

---

4. Section 6 also provides that an insured recovers 18 percent per annum of the amount of the claim. On appeal, however, Bonner asks this Court to determine only the attor-

ney's fees issue. We, therefore, do not address the applicability of the 18 percent provision.

automobile accident, Blizzard filed claims with her automobile insurance company, Nationwide, seeking to recover PIP and UM benefits under her insurance policy. Nationwide paid all of Blizzard's medical expenses, rental car expenses, and property damage for over a year after the accident and then offered to pay Blizzard an additional $5,000 to settle her claim. Blizzard refused the settlement offer and filed suit against Nationwide. The jury found that $1,479 would fairly compensate Blizzard for past medical expenses and $14,116 was a reasonable sum for legal fees rendered in the trial court. *Id.* at 803. The trial court offset the payments Nationwide had already made to Blizzard against the amount of damages found by the jury and rendered judgment that Blizzard take nothing. *Id.* at 806. The trial court also refused to award Blizzard any attorney's fees. On appeal, the *Blizzard* court determined that because of the offset, Blizzard was not a *prevailing party* and, therefore, was not entitled to recover attorney's fees. *Id.*

We find *Blizzard* distinguishable from the case before us. Although the *Blizzard* court addressed issues regarding PIP and UM coverage, the award of attorney's fees under article 21.55 was not an issue in *Blizzard.* Unlike the case here, the *Blizzard* court addressed the award of attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. *See* Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (West 1997) (person may recover reasonable attorney's fees in addition to amount of valid claim and costs, if claim is based on written contract and claimant is the prevailing party).

Although *Dunn* did not involve an offset, we find the facts of this case similar to those in *Dunn.* Bonner's insurance policy contained five separate coverages including liability, medical payments, personal injury protection, uninsured/underinsured motorist, and property damage. Bonner presented a UM claim and the jury determined that Bonner suffered $1,000 in damages due to the uninsured motorist's negligence. Each time an insured files a claim seeking payment of benefits under any of the coverages, the insurer must comply with the procedure prescribed in article 21.55. *See Dunn,* 991 S.W.2d at 471–72. Based on the jury's verdict, Allstate was liable to pay Bonner $1,000 as UM benefits. Because of the supreme court's holding in *Kidd,* however, Allstate was entitled to offset the $1,000 UM damages with the previous PIP payment and was relieved of having to actually pay the $1,000 as additional UM damages to Bonner. However, simply because Allstate was entitled to offset the UM damages by the amount of the PIP coverage payment, did not excuse Allstate from complying with article 21.55.[5]

Combining the jury's findings that the uninsured motorist's negligence caused the accident and that Bonner suffered compensable damages along with Allstate's stipulation, we hold that Bonner was entitled to recover her attorney's fees under article 21.55 section 6. The trial court erred by failing to award Bonner attorney's fees in the sum of $7,500 as found by the jury and costs under article 21.55 section 6.

## Conclusion

We affirm the take-nothing judgment of the trial court as to additional damages but

5. Other courts have held that an offset against damages does not relieve a litigant of the obligation to pay attorney's fees. *See Matthews v. Candlewood Builders, Inc.,* 685 S.W.2d 649, 650 (Tex.1985) (Civ.Prac. & Rem.Code § 38.001 case); *McKinley v. Drozd,* 685 S.W.2d 7 (Tex.1985) (DTPA case); *Carrasco v. Texas Transp. Institute,* 908 S.W.2d 575 (Tex.App.—Waco 1995, no writ) (quoting *Lee v. Coahoma County, Miss.,* 937 F.2d 220, 227 (5th Cir.1991)) (federal Fair Labor Standards Act, 29 U.S.C.A. § 216(b) case).

reverse and render judgment that $7,500 in attorney's fees as found by the jury are taxed and assessed against Allstate as costs of court. Further, we render judgment that all costs of court, both in the trial court and this Court, are assessed against Allstate.