TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00330-CV






Rhonda Bonner, Appellant



v.



Allstate Insurance Company, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 240,345, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 This case involves the application of the prompt payment provisions of the Texas
Insurance Code article 21.55. See Tex. Ins. Code Ann. art. 21.55 (West Supp. 2000). Rhonda
Bonner appeals from a take-nothing judgment contending that pursuant to article 21.55 section 6,
she is entitled to recover her attorney's fees. We will affirm in part and reverse and render in part
the trial court's judgment.


Background


 Following a car accident in October 1997, Bonner submitted a written notice of
claim to her insurer, Allstate Insurance Company (Allstate), for personal injury protection (PIP)
benefits under her automobile insurance policy. (1) Along with her notice she submitted a
chiropractic bill for $1,802. Allstate reduced the claim and promptly paid Bonner $1,619. 

 On December 11, 1997, Bonner submitted a written notice of claim to Allstate for
uninsured motorist (UM) benefits under the same insurance policy. (2) In accordance with the
prompt payment provisions of the Insurance Code, Bonner attached supporting documents and
offered to settle her claim. See Tex. Ins. Code Ann. art. 21.55 § 2. Allstate denied Bonner's
claim for UM benefits. 

 Bonner then filed suit against Allstate seeking to recover UM benefits under her
insurance policy. She alleged she sustained injuries in the car accident that were proximately
caused by the negligence of an uninsured motorist. Additionally, Bonner alleged that Allstate
failed to comply with the prompt payment provisions of article 21.55 because it did not
acknowledge her UM claim within fifteen days of receipt. See Art. 21.55 § 2. Based on these
allegations, Bonner asserted that she was entitled to recover damages, her attorney's fees, and
costs. (3) 

 During discovery, Bonner requested that Allstate admit certain facts including: (1)
that the accident was caused by the negligence of an uninsured motorist; (2) that Bonner sustained
damages in the form of medical bills for treatment of injuries sustained in the accident; and (3)
that Allstate failed to acknowledge Bonner's UM claim within fifteen days of receiving the claim.
Allstate refused to admit any of these facts. Shortly before trial, however, the parties submitted
a Rule 11 agreement in which Allstate stipulated, "Within 15 days after receipt of [Bonner's]
written notice of her UM claim, Allstate did not acknowledge receipt of the claim." 

 At trial, the jury returned a verdict finding: (1) the negligence of the uninsured
driver proximately caused the automobile accident; (2) $1,000 would reasonably compensate
Bonner for chiropractic care, however, the jury found zero for her claims of physical pain and
suffering and physical impairment; and (3) $7,500 was a reasonable fee to compensate Bonner's
attorneys for their preparation and trial, however, the jury found zero for attorney's fees for an
appeal to either the court of appeals or the supreme court. 

 Because the insurance policy contained a non-duplication-of-PIP-benefits provision,
the trial court offset the $1,000 UM damage finding against the PIP payment of $1,619 and
rendered judgment that Bonner take nothing on her damage claim. Additionally, the trial court
refused to award attorney's fees and costs to Bonner. 


Discussion


 On appeal Bonner concedes that the trial court properly offset the $1,000 UM
damages found by the jury with the $1,619 PIP coverage payment. See Mid-Century Ins. Co. v.
Kidd, 997 S.W.2d 265, 267 (Tex. 1999); Laurence v. State Farm Mut. Auto. Ins. Co., 984
S.W.2d 351, 356 (Tex. App.--Austin 1999, pet. denied). She contends, however, that she was
entitled to recover $7,500 as attorney's fees in accordance with the jury's verdict because Allstate
did not follow the procedure outlined in article 21.55 section 6 when addressing her UM benefits
claim. 

 The purpose of article 21.55 is to "obtain prompt payment of claims made pursuant
to policies of insurance." Art. 21.55 § 8. Article 21.55 includes definitions and sets out the
procedure insurers are required to follow when an insured submits a claim for benefits. Art.
21.55 § 2. Article 21.55 also provides a remedy for an insured whose claim is not promptly
addressed by their insurer. Art. 21.55 § 6. The statute seems to clearly provide that attorney's
fees are mandatory for a violation of the article. Id. Finally, article 21.55 is to be liberally
construed to promote the prompt payment of claims. Art. 21.55 § 8 (emphasis added).

 The procedure for addressing a benefits claim requires that an insurer shall, not
later than the fifteenth day after receiving written notice of a claim, acknowledge receipt of the
claim. Art. 21.55 § 2(a)(1). A "claim" is defined as a first-party claim made by an insured under
an insurance policy that "must be paid by the insurer directly to the insured." Art. 21.55 § 1(3)
(emphasis added). Once an insurer is determined to be liable to pay a claim and it is established
that the insurer did not comply with the article 21.55 section 2 procedure when addressing the
claim, the insurer shall pay the insured, in addition to the amount of the claim, reasonable
attorney's fees. Art. 21.55 § 6. If suit is filed, the attorney's fees shall be taxed as part of the
costs in the case. Id. (4)

 Allstate contends that the trial court correctly determined that Bonner was not
entitled to recover her attorney's fees under article 21.55. Allstate argues that because the
consequence of the offset was that it did not have to pay any additional damage sum to Bonner
beyond the PIP payment, the UM claim was not one that "must be paid by the insurer directly to
the insured." Consequently, urges Allstate, because Bonner's UM claim did not meet article
21.55's definition of "claim," it was excused from complying with the procedure outlined in
article 21.55 section 2. 

 Bonner suggests that the facts in this case are similar to those at issue in Dunn v.
Southern Farm Bureau Casualty Insurance Company, 991 S.W.2d 467 (Tex. App.--Tyler 1999,
pet. denied). In that case the Dunns submitted a PIP benefits claim under their automobile
insurance policy and then submitted a UM benefits claim under the same policy. Southern Farm
promptly paid the PIP benefits claim. See Dunn, 991 S.W.2d at 471. Later, when Dunn
submitted the UM benefits claim, the insurer failed to follow the procedure outlined in article
21.55 section 2. The Dunn court held that an insurer must comply with the 21.55 procedure
every time an insured presents a claim. Id. at 472. Southern Farm's compliance with 21.55 when
addressing the PIP benefits claim did not excuse it from following the article 21.55 procedure
when addressing Dunn's UM benefits claim. Because Southern Farm failed to comply with the
article 21.55 section 2 procedure when addressing Dunn's UM benefits claim, Dunn was entitled
to recover attorney's fees pursuant to article 21.55 section 6. Id. at 474-75. 

 Allstate contends that the facts in this case are similar to those at issue in Blizzard
v. Nationwide Mutual Fire Insurance Company, 756 S.W.2d 801 (Tex. App.--Dallas 1988, no
writ). Following an automobile accident, Blizzard filed claims with her automobile insurance
company, Nationwide, seeking to recover PIP and UM benefits under her insurance policy. 
Nationwide paid all of Blizzard's medical expenses, rental car expenses, and property damage for
over a year after the accident and then offered to pay Blizzard an additional $5,000 to settle her
claim. Blizzard refused the settlement offer and filed suit against Nationwide. The jury found
that $1,479 would fairly compensate Blizzard for past medical expenses and $14,116 was a
reasonable sum for legal fees rendered in the trial court. Id. at 803. The trial court offset the
payments Nationwide had already made to Blizzard against the amount of damages found by the
jury and rendered judgment that Blizzard take nothing. Id. at 806. The trial court also refused
to award Blizzard any attorney's fees. On appeal, the Blizzard court determined that because of
the offset, Blizzard was not a prevailing party and, therefore, was not entitled to recover
attorney's fees. Id. 

 We find Blizzard distinguishable from the case before us. Although the Blizzard
court addressed issues regarding PIP and UM coverage, the award of attorney's fees under article
21.55 was not an issue in Blizzard. Unlike the case here, the Blizzard court addressed the award
of attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 38.001 (West 1997) (person may recover reasonable attorney's
fees in addition to amount of valid claim and costs, if claim is based on written contract and
claimant is the prevailing party). 

 Although Dunn did not involve an offset, we find the facts of this case similar to
those in Dunn. Bonner's insurance policy contained five separate coverages including liability,
medical payments, personal injury protection, uninsured/underinsured motorist, and property
damage. Bonner presented a UM claim and the jury determined that Bonner suffered $1,000 in
damages due to the uninsured motorist's negligence. Each time an insured files a claim seeking
payment of benefits under any of the coverages, the insurer must comply with the procedure
prescribed in article 21.55. See Dunn, 991 S.W.2d at 471-72. Based on the jury's verdict,
Allstate was liable to pay Bonner $1,000 as UM benefits. Because of the supreme court's holding
in Kidd, however, Allstate was entitled to offset the $1,000 UM damages with the previous PIP
payment and was relieved of having to actually pay the $1,000 as additional UM damages to
Bonner. However, simply because Allstate was entitled to offset the UM damages by the amount
of the PIP coverage payment, did not excuse Allstate from complying with article 21.55. (5) 

 Combining the jury's findings that the uninsured motorist's negligence caused the
accident and that Bonner suffered compensable damages along with Allstate's stipulation, we hold
that Bonner was entitled to recover her attorney's fees under article 21.55 section 6. The trial
court erred by failing to award Bonner attorney's fees in the sum of $7,500 as found by the jury
and costs under article 21.55 section 6.


Conclusion


 We affirm the take-nothing judgment of the trial court as to additional damages but
reverse and render judgment that $7,500 in attorney's fees as found by the jury are taxed and
assessed against Allstate as costs of court. Further, we render judgment that all costs of court,
both in the trial court and this Court, are assessed against Allstate. 



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed in Part; Reversed and Rendered in Part

Filed: January 6, 2000

Do Not Publish Released for publication May 17, 2001. Tex. R. App. P. 47.3(c).

1.   The PIP provision of the policy provided coverage for actual losses and expenses up to
$20,000 per person and $40,000 per accident incurred within three years of the date of the
accident. 
2.   The UM provision of the policy provided coverage for bodily injury up to $20,000 per
person and $40,000 per accident.
3.   Bonner's complaints relate only to Allstate's handling of her UM claim. She does not
complain about Allstate's handling of her PIP claim.
4.   Section 6 also provides that an insured recovers 18 percent per annum of the amount of the
claim. On appeal, however, Bonner asks this Court to determine only the attorney's fees issue. 
We, therefore, do not address the applicability of the 18 percent provision. 
5.   Other courts have held that an offset against damages does not relieve a litigant of the
obligation to pay attorney's fees. See Matthews v. Candlewood Builders, Inc., 685 S.W.2d 649,
650 (Tex. 1985) (Civ. Prac. & Rem. Code § 38.001 case); McKinley v. Drozd, 685 S.W.2d 7
(Tex. 1985) (DTPA case); Carrasco v. Texas Transp. Institute, 908 S.W.2d 575 (Tex. App.--Waco
1995, no writ) (quoting Lee v. Coahoma County, Miss., 937 F.2d 220, 227 (5th Cir. 1991))
(federal Fair Labor Standards Act, 29 U.S.C.A. § 216(b) case). 


e, was not entitled to recover
attorney's fees. Id. 

 We find Blizzard distinguishable from the case before us. Although the Blizzard
court addressed issues regarding PIP and UM coverage, the award of attorney's fees under article
21.55 was not an issue in Blizzard. Unlike the case here, the Blizzard court addressed the award
of attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 38.001 (West 1997) (person may recover reasonable attorney's
fees in addition to amount of valid claim and costs, if claim is based on written contract and
claimant is the prevailing party). 

 Although Dunn did not involve an offset, we find the facts of this case similar to
those in Dunn. Bonner's insurance policy contained five separate coverages including liability,
medical payments, personal injury protection, uninsured/underinsured motorist, and property
damage. Bonner presented a UM claim and the jury determined that Bonner suffered $1,000 in
damages due to the uninsured motorist's negligence. Each time an insured files a claim seeking
payment of benefits under any of the coverages, the insurer must comply with the procedure
prescribed in article 21.55. See Dunn, 991 S.W.2d at 471-72. Based on the jury's verdict,
Allstate was liable to pay Bonner $1,000 as UM benefits. Because of the supreme court's holding
in Kidd, however, Allstate was entitled to offset the $1,000 UM damages with the previous PIP
payment and was relieved of having to actually pay the $1,000 as additional UM damages to
Bonner. However, simply because Allstate was entitled to offset the UM damages by the amount
of the PIP coverage payment, did not excuse Allstate from complying with article 21.55. (5) 

 Combining the jury's findings that the uninsured motorist's negligence caused the
accident and that Bonner suffered compensable damages along with Allstate's stipulation, we hold
that Bonner was entitled to recover her attorney's fees under article 21.55 section 6. The trial
court erred by failing to award Bonner attorney's fees in the sum of $7,500 as found by the jury
and costs under article 21.55 section 6.


Conclusion


 We affirm the take-nothing judgment of the trial court as to additional damages but
reverse and render judgment that $7,500 in attorney's fees as found by the jury are taxed and
assessed against Allstate as costs of court. Further, we render judgment that all costs of court,
both in the trial court and this Court, are assessed against Allstate. 



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed in Part; Reversed and Rendered in Part

Filed: January 6, 2000

Do Not Publish Released for publication May 17, 2001. Tex. R. App. P. 47.3(c).

1.   The PIP provision of the policy provided coverage for actual losses and expenses up to
$20,000 per person and $40,000 per accident incurred within three years of the date of the
accident. 
2.   The UM provision of the policy provided coverage for bodily injury up to $20,000 per
person and $40,000 per accident.
3.   Bonner's complaints relate only to Allstate's handling of her UM claim. She does not
complain about Allstate's handling of her PIP claim.
4.   Section 6 also provides that an insured recovers 18 percent per annum of the amount of the
claim. On appeal, however, Bonner asks this Court to determine only the attorney's fees issue. 
We, therefore, do not address the applicability of the 18 percent provision. 
5.   Other courts have held that an offset against damages does not relieve a litigant of the
obligation to pay attorney's fees. Se