



# MEMORANDUM OPINION

No. 04-09-00550-CV

Guadalupe **YZAGUIRRE**,
Appellant

v.

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-17261
Honorable Martha Tanner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed: April 7, 2010

AFFIRMED

Appellant Guadalupe Yzaguirre sued appellee University of Texas Health Science Center at San Antonio under the Texas Labor Code for age discrimination, gender discrimination, and retaliation. After a jury trial on the merits, the jury answered "No" to each theory of liability, and the trial court rendered judgment in favor of appellee. On appeal, appellant asserts the trial court erred in denying his requested jury instruction pertaining to his opposition to "unlawful employment practices." We affirm.

**DISCUSSION**

In his sole issue on appeal, appellant argues his proposed jury instruction should have been included in the jury charge because, according to appellant, he submitted a written proposed jury instruction and formally objected on the record to the trial court's denial of the instruction. His written proposed instruction, however, does not appear anywhere in the record. In any event, appellant asserts that the language of the proposed jury instruction can be ascertained within the context of his formal objections on the record—that is, his oral objections to the trial court.

Texas Rule of Civil Procedure 278 requires a party to request and tender to the trial court a substantially correct instruction in writing when the trial court omits a requested instruction from the jury charge. TEX. R. CIV. P. 278; *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 159 (Tex. App.—San Antonio 2008, pet. denied). Merely dictating a requested instruction to the court reporter is not sufficient to support an appeal based on the trial court's refusal to submit the instruction. *Hartnett v. Hampton Inns, Inc.*, 870 S.W.2d 162, 165 (Tex. App.—San Antonio 1993, writ denied). If a party fails to tender a substantially correct instruction in writing, any error by the trial court in not submitting the instruction to the jury is waived. *Medistar Corp.*, 267 S.W.3d at 159; *Hartnett*, 870 S.W.2d at 166.

Here, even if we assume appellant tendered to the trial court a proposed jury instruction in writing, we are unable to determine whether the proposed instruction amounts to a substantially correct instruction: the requested instruction is not contained in the clerk's record, nor is it attached to appellant's motion for new trial. Second, if dictating to the court reporter a requested instruction is insufficient to preserve error, *see Hartnett*, 870 S.W.2d at 165, then attempting to ascertain the language of the proposed instruction based on a reading of the transcript of appellant's objections

to the trial court is also insufficient to preserve error. In sum, the record does not reflect that appellant submitted to the court in writing a substantially correct jury instruction. Therefore, we conclude appellant has waived any error regarding his requested instruction.

## CONCLUSION

We affirm the trial court's judgment.

Sandee Bryan Marion, Justice