Billy WOODS, Petitioner,

v.

CRANE CARRIER COMPANY, INC., Respondent.

No. C–4104.

Supreme Court of Texas.

Oct. 9, 1985.

Moore and Associates, P.C., Barry L. Hart, Odessa, for petitioner.

James P. Boldrick, Midland, for respondent.

KILGARLIN, Justice.

Our opinion of July 17, 1985 is withdrawn and this opinion is substituted.

In this products liability suit, Billy Woods complains that the trial judge erred in three respects in formulating the court's charge. Based on the jury verdict, the trial court rendered judgment that Woods take nothing. In an unpublished opinion, the court of appeals affirmed that judgment. We affirm the judgments of the courts below.

Billy Woods sued Crane Carrier Company, Inc., alleging that it had defectively designed an oilwell servicing rig. Woods claimed that the defective design was a producing cause of injuries he received when a floor, or "gate," above him collapsed on his head. Additionally, Woods alleged that the failure of Crane Carrier to warn of the gate's dangers or instruct as to its safe use rendered the gate unreasonably dangerous as marketed.

The trial judge submitted the defective design inquiry as issue one. In conjunction with that issue, the judge defined "defectively designed" as a "product that is unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use." The judge did not define "unreasonably dangerous" at this point in the charge. Although *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979), allows "unreasonably dangerous" to be defined, this court in *Turner* approved the above quoted submission of a defective design issue. *Turner* involved only a defective design submission and did not include a failure to warn issue. In this case, the jury answered "no" to the first issue on defective design. The second issue, inquiring as to producing cause, was predicated on a "yes" answer to issue one, and consequently was not answered.

Issue three inquired whether Crane Carrier should have known when the "gate" left its possession that the gate could have been injurious to human life. The jury answered "yes" to this question, thereby requiring it to answer issue four. That issue asked whether the failure of Crane Carrier to warn of the dangers or instruct as to safe use rendered the gate unreasonably dangerous as marketed. In conjunction with issue four, the trial judge did instruct that an "unreasonably dangerous" product was "one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the product's characteristics." In addition, the trial judge gave an instruction concerning substantial change or alteration of the product after sale. The jury answered "no" to issue four.

Woods complains that it was error for the trial court either to not include the "unreasonably dangerous" instruction along with other instructions preceding all issues or to refuse to give the instruction in conjunction with issue one. It will be noted

that "unreasonably dangerous" was defined nowhere else in the court's charge except with issue four. Because we dispose of this case on other grounds, we need not decide whether the omission of the "unreasonably dangerous" instruction from issue one constituted harmful error.

■ We do not decide whether "unreasonably dangerous" required defining in this circumstance. However, when terms requiring definitions are used more than once in a charge, it is preferable that the definition or instruction occur immediately after the general instructions required by Tex.R.Civ.P. 226a, III. It is at this location in the charge that such terms as preponderance of the evidence, negligence, ordinary care, and proximate cause are ordinarily placed. Had the jury answered "no" to issue three and therefore not reached issue four with its instruction of "unreasonably dangerous," the failure of the trial judge to include an instruction of "unreasonably dangerous" either in the forepart of the charge or along with issue one could have been harmful.

■ Even assuming that the jury followed the court's admonition to read aloud the complete charge before deliberating, that does not cure the problem. The jurors might have placed some significance on the presence of the instruction in one issue but not in another, leading to false inferences. We do not necessarily agree with the court in *Southern Underwriters v. Gariepy*, 105 S.W.2d 760, 763 (Tex.Civ.App.—Amarillo 1937, writ dism'd), "that a jury of ordinary intelligence would accept that definition as applicable to the term wherever it appeared elsewhere in the charge."

In this case, in objecting to the court's charge, Woods complained of the failure of issue one to include the definition of "unreasonably dangerous." He then dictated his requested instruction to the court reporter. Although at oral argument Woods emphasized that the dictated definition of "unreasonably dangerous" was identical to the one actually given in conjunction with issue four, the equivalence of these definitions is not dispositive. Tex.R.Civ.P. 279 explicitly mandates the manner in which

requested issues and definitions shall be made. It states in relevant part: "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

■ Woods has an additional problem. Tex.R.Civ.P. 273 states that "[a] request by either party for any instructions, special issues, definitions or explanatory instructions shall be made separate and apart from such party's objections to the court's charge." Woods complied with neither this rule nor Rule 279. Moreover, in spite of Woods' contention that the dictated requested instruction on "unreasonably dangerous" was the same as the instruction given in issue four, Woods made no mention of this to the trial judge. The trial judge properly overruled an objection containing an instruction improperly requested.

Anyone who has ever participated in the drafting of a court's charge will comprehend and respect the efficacy of the rule requiring requested issues and instructions to be in writing in spite of the rule's preference for form over substance. The sometimes prolificacy of requested issues and instructions and the myriad of interruptions and occasional confusion inherent in the charge conference mandates that all requests be in writing. Phrasing of issues and instructions requires the judge's careful consideration which is possible only upon reading and rereading of the requests. To expect a judge, after hearing oral and lengthly requests just once, to weigh their merits for inclusion in a charge ignores realities.

■ In his other points of error, Woods complains of two different instructions given by the trial court. The first of these additional complaints is to the other instruction accompanying issue four:

A product is not in a defective condition, thus not unreasonably dangerous when sold, when the unreasonably dangerous

condition is caused by a substantial change or alteration of the product after it is sold, and but for which unreasonably dangerous condition the event would not have occurred.

Substantial change or alteration means that the configuration or operational characteristics of the product are changed or altered by affirmative conduct of some person in a manner that the defendant could not have reasonably foreseen would occur in the intended or foreseeable use of the product. Substantial change or alteration does not include reasonably foreseeable wear and tear or deterioration.

The basis of Woods' objection to the foregoing instruction was that all of the evidence in the case showed that the alteration in issue was reasonably foreseeable by Crane Carrier, so no evidence of any substantial change or alteration to the well servicing rig supported the instruction. An examination of the record convinces us that so many contradictory statements as to foreseeability were made by witnesses that it cannot be said that as a matter of law it was reasonably foreseeable by Crane Carrier that alteration would occur.

■ The last point made by Woods is that it was error for the trial court to instruct on sole cause. We conclude that the instruction was not harmful error, because the sole cause instruction was given in conjunction with issue two, which the jury did not consider as a result of its negative answer to issue one. This case differs from *First International Bank in San Antonio v. Roper Corp.*, 686 S.W.2d 602 (Tex.1985), because the sole cause instruction preceded all issues in *Roper* and this was influential in the jury's decision. Here, the instruction was only placed with an issue which the jury did not consider and therefore was not harmful error.

The judgments of the courts below are affirmed.