**Adelene JAMES, Appellant,**

v.

**Joseph HILL and Precast Erectors, Inc., Appellees.**

**No. 2–88–024–CV.**

Court of Appeals of Texas, Fort Worth.

July 21, 1988.

Law Offices of Don Prager, P.C., and David Osborn, Fort Worth, for appellant.

Joseph W. Stewart, P.C. and Steven R. Pierret, Arlington, for appellees.

Before HILL, KELTNER and W.A. HUGHES, Jr. (Retired, sitting by assignment), JJ.

OPINION

KELTNER, Justice.

The issue in this case is whether the trial court erred in failing to submit an issue raised by the pleadings and evidence, relied upon but not requested by the plaintiff, who merely objected to the charge because it did not contain the issue.[1]

---

1. This case was tried on December 9, 1987, before the 1988 amendments to the Texas Rules of Civil Procedure were effective. Under the new rules, issues are called "questions." However, because the case arose prior to the enactment of the new rules, we will use the terminology of the rules in effect at the time of the trial.

The facts giving rise to this case are relatively simple. Ms. Adelene James filed suit against Joseph Hill and his employer, Precast Erectors, Inc., for injuries she allegedly sustained in an automobile accident. James claimed that she was struck from behind by the vehicle driven by Hill. Hill's main contention at trial was that James changed lanes in front of him in an attempt to avoid collision with a third vehicle. As a result, Hill contended that the accident was either unavoidable or the fault of James.

James' pleadings contained an allegation of negligence in general terms without itemizing any specific acts or omissions that constituted negligence. Our record does not reflect any special exceptions filed by Hill.

James did not request any special issues for inclusion in the charge. The trial court prepared a general broad form submission which asked:

Do you find from a preponderance of the evidence that on the occasion in question Defendant Hill committed any of the following acts or omissions?

Answer *each* either "Yes" or "No."

A. Failed to keep a proper lookout?

ANSWER: No

B. Failed to make a timely application of his brakes?

ANSWER: No

James objected to the charge because it did not contain a special issue inquiring whether Hill had followed James' vehicle too closely.

Unfortunately, James did not submit a proposed special issue in writing. Prior Rule 279 provided that failure to submit an issue is not a ground for reversal unless the issue is submitted in writing and in substantially correct wording. TEX.R. CIV.P. 279 (now included in Rule 278). Failure to properly request the issue in writing is fatal to this point of error on appeal. *Woods v. Crane Carrier Co., Inc.,* 693 S.W.2d 377 (Tex.1985).

Nonetheless, James seeks to avoid the harshness of this rule by claiming that she made a tender of the issue in substantially correct wording. Specifically, she claims that she dictated a requested instruction to the court reporter. At the outset, our review of the purported tender of the issue indicates that it occurred during the plaintiff's objections to the court's charge. Additionally, it appears that the passage referred to by the plaintiff was in fact an objection and not an effort to submit an issue in substantially correct form.

The Supreme Court has repeatedly held that a request for issues must be made in writing and a dictation of the requested issue to the court reporter is insufficient. *Woods,* 693 S.W.2d at 378. Additionally, requested issues and instructions must be made separately from the objections to the court's charge. *Id.* at 379.

Finally, James makes a novel contention on oral argument. She claims that prior Rule 277 allowed the court to submit special issues in a negligence case in a manner that allows the listing of multiple claimed acts or omissions. As a result, she argues that she was not requesting a separate issue, but was merely objecting to the exclusion of a subpart.

We disagree. In order to preserve error for appeal, a party must request issues or questions on a ground of recovery or defense, on which it relies, in substantially correct form. TEX.R.CIV.P. 279. James had the duty to request a submission of her theory of "following too closely." This she failed to do.

Although this process sometimes elevates form over substance, there are good reasons for requiring requests to be made in writing and separate and apart from objections to the court's charge. As Judge Kilgarlin noted in *Woods v. Crane Carrier Co.:*

Anyone who has ever participated in the drafting of a court's charge will comprehend and respect the efficacy of the rule requiring requested issues and instructions to be in writing.... Phrasing of issues and instructions requires the judge's careful consideration which is possible only upon reading and rereading of the requests. To expect a judge, after hearing oral and lengthly [sic] requests

just once, to weigh their merits for inclusion in a charge ignores realities.

*Id.* at 379.

Therefore, we hold that the trial court did not err in failing to submit an issue that was raised both by the pleadings and the evidence when a request for the issue was not made in writing. Appellant's sole point of error is overruled and the judgment below is affirmed.