Carnival v. Lutkins 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-573-CV





THOMAS CARNIVAL, INC. AND PAUL ATKINS,



 
 APPELLANTS


vs.





ROBERT LUTKINS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 479,006, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 




 Robert Lutkins, appellee, sued Thomas Carnival, Inc. ("Carnival") and Paul
Atkins, appellants, for personal injuries he sustained while on an amusement-park slide owned by
Atkins and located in an amusement park operated by Carnival. After a jury trial, the trial court
rendered judgment on the verdict, awarding Lutkins $170,000 in damages. Both Carnival and
Atkins appeal from this judgment. Carnival raises six points of error and Atkins raises four
complaining of the trial court's jury charge and the legal and factual sufficiency of the evidence. (1) 
We will affirm.



BACKGROUND


 On April 2, 1989, Lutkins, his daughter, Mary Helen, and a friend, James David
Phillips, attended a traveling carnival. While there, Lutkins and his daughter rode one of the
amusement rides, the "Super Slide." The slide, owned and operated by Atkins, is a large yellow
fiberglass structure consisting of sections that are assembled and disassembled periodically. 
Carnival was the occupier of the premises, and Carnival and Atkins had agreed that Carnival
patrons could purchase tickets for use at Atkins's slide.

 Lutkins purchased a ticket for the Super Slide. While descending the slide with his
daughter, Lutkins injured his hand and wrist; that injury formed the basis of this lawsuit. In
answer to a general negligence charge, the jury found that Carnival and Atkins had been
negligent, which negligence had proximately caused Lutkins's injuries; that the negligence
attributable to Carnival and Atkins was fifty percent each; and that Lutkins had sustained
$170,000 in damages. The trial court rendered judgment in accordance with the verdict.


DISCUSSION


 Both appellants complain in their first points of error that the trial court erred in
submitting the case to the jury under a general negligence charge instead of a premises-liability
charge. Neither argues that the charge was improper for a general negligence claim. Rather, they
assert that the charge was improper because Lutkins's claim was a premises-liability claim and
that the court erred in submitting the case as if it were a general negligence claim. 

 We will assume arguendo that Lutkins's claim was in fact a premises-liability
claim. (2) The first question submitted to the jury asked:



 Did the negligence, if any, of those named below proximately cause
the occurrence in question?


 Answer "Yes" or "No" for each of the following:


 (a) Thomas Carnival Inc. 


 (b) Paul Atkins 


 (c) Robert Lutkins 


 Both appellants argue that this broad-form general negligence submission was
inappropriate in the context of a premises-liability claim. They contend that the trial court should
have submitted separate issues to the jury based on the four elements required by the Texas
Supreme Court in Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex. 1983), to establish a
premises-liability claim: "(1) that [the defendant] had actual or constructive knowledge of some
condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the
plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or eliminate the risk;
and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal
injuries." Id. at 296. 

 In Keetch v. The Kroger Company, 36 Tex. Sup. Ct. J. 273, 276 (Dec. 2, 1992),
the supreme court specifically identified the appropriate jury charge in the context of a
premises-liability claim. The court stated that a general negligence question such as Pattern Jury
Charge 66.04 "is a correct broad form premises liability question." See also 3 State Bar of Texas,
Texas Pattern Jury Charges PJC 66.04 (1990). The court stressed, however, that "appropriate
instructions in a premises liability case must incorporate the four Corbin elements." Keetch, 36
Tex. Sup. Ct. J. at 276 (emphasis added). In the present case, jury question one tracked Pattern
Jury Charge 66.04 exactly. However, no instructions were submitted incorporating the four
Corbin elements. Accordingly, the charge was improper for a premises-liability claim.

 The complained-of error was the failure to include necessary instructions. In order
to preserve error on appeal, appellants must, of course, comply with the relevant Texas Rules of
Civil Procedure. Where a court has omitted an instruction from the charge, Rule 278 requires
that, in order to preserve the error for appellate review, the complaining party must request the
desired instruction in writing and in substantially correct form. Tex. R. Civ. P. 278; see also
Woods v. Crane Carrier Co., 693 S.W.2d 377, 379 (Tex. 1985) (interpreting substantially similar
language formerly included in Tex. R. Civ. P. 279); Diamond Shamrock Ref. & Mktg. Co. v.
Mendez, 809 S.W.2d 514, 521 (Tex. App.--San Antonio 1991), rev'd on other grounds, 36 Tex.
Sup. Ct. J. 13 (October 7, 1992). In addition, Rule 273 requires that a party present such request
"within a reasonable time after the charge is given to the parties or their attorneys for
examination." Tex. R. Civ. P. 273.

 Neither appellant complied with these rules. Atkins never requested the desired
instructions in writing, as required by Rule 278. Accordingly, he waived the right to complain
about this error on appeal. Carnival did not submit to the trial court a written request for
instructions until after the charge was read to the jury. Accordingly, we conclude that Carnival,
too, waived the right to complain about this error on appeal. See Governing Bd. v. Pannill, 659
S.W.2d 670, 681 (Tex. App.--Beaumont 1983, writ ref'd n.r.e.). (3) 

 Appellants argue that their objections prior to submission to the jury were sufficient
to preserve error. We disagree. Error can be preserved by objection alone where an instruction
is submitted but is defective. See Moulton v. Alamo Ambulance Serv., Inc., 414 S.W.2d 444, 449-50 (Tex. 1967). Under the facts of the present case, however, a defective instruction was not
submitted to the jury; rather, no instruction whatsoever was submitted. Accordingly, the well-established rule regarding omitted instructions applies: a party must request the desired instruction
in writing and in substantially correct form or the complaint is waived. Tex. R. Civ. P. 278.

 Appellants also rely on State Department of Highways & Public Transportation v.
Payne, 838 S.W.2d 235 (Tex. 1992), for the proposition that an objection is sufficient to preserve
error. The Payne case, however, is distinguishable. There, the court was addressing the proper
method for preserving error regarding an omitted question in the jury charge. The court noted
that the rules for preserving error with respect to omitted questions are often confusing and
contradictory and, as a result, even an experienced trial attorney may be confused as to whether
the proper procedure is to object to the omission or request the question in substantially correct
form. The court's criticism was appropriate.

 The issue in the present case, however, is the proper method for preserving error
regarding an omitted instruction. Unlike the rule for omitted questions, the rule for preserving
error as to omitted instructions is clear: "Failure to submit a definition or instruction shall not
be deemed a ground for reversal of the judgment unless a substantially correct definition or
instruction has been requested in writing and tendered by the party complaining of the judgment." 
Tex. R. Civ. P. 278 (emphasis added). Rule 278 requires that the party complaining of an
omitted instruction make the trial court aware of the omission by requesting such instruction in
writing and in substantially correct form. This rule does not give a party the option to object or
request depending on which party has responsibility for submission of an issue, as is the case with
omitted questions; rather, the plain language of Rule 278 requires a party to request an instruction
in writing and in substantially correct form in all circumstances. See generally C.R. Watson, Jr.,
The Court's Charge, in State Bar of Texas, Advanced Civil Appellate Practice Course B-7 (1992). 
Accordingly, because procedural rules are not revised by opinion, we conclude that a party must
request an instruction in writing and in substantially correct form in order to preserve error on
appeal. Because neither appellant timely complied with that aspect of Rule 278 in the present
case, they did not preserve their complaint in this regard. We overrule appellants' first points of
error.

 In their second points of error, both appellants complain that the trial court erred
in granting judgment for Lutkins because there were no jury findings on the four Corbin elements. 
However, as we concluded above, appellants failed to preserve error as to the trial court's failure
to include the Corbin elements in the instructions of the charge. The case was submitted under
a general negligence theory, and the jury found that appellants were negligent. We overrule
appellants' second points of error. 

 Carnival complains in its third and fourth points of error that the evidence is legally
and factually insufficient to support a jury finding that it was negligent under a premises liability
theory. Again, however, Carnival failed to preserve its complaint that the trial court erred in
submitting the case under a general negligence theory rather than a premises-liability theory. 
Accordingly, we overrule Carnival's third and fourth points of error. 

 Carnival complains in its fifth and sixth points of error that, even under a general
negligence theory, the evidence is legally and factually insufficient to support the jury's findings
that Carnival was negligent and that such negligence was the proximate cause of Lutkins's
injuries. Similarly, Atkins complains in his third and fourth points of error that the evidence is
factually insufficient to support a general negligence finding. We disagree. 

 In deciding a legal sufficiency point, we must consider only the evidence and
inferences tending to support the findings of the trier of fact and disregard all evidence and
inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert.
denied, 111 S. Ct. 135 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). In deciding
a factual sufficiency point, we must consider and weigh all the evidence and should set aside the
judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951).

 Under the common-law doctrine of negligence, three elements must be established: 
"1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages
proximately resulting from the breach." Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 (Tex. 1990). The existence of a legal duty is a question of law for the court to decide
from the facts surrounding the occurrence in question. Id. Appellants do not deny that they owed
a duty of care to Lutkins. Atkins owed a duty to exercise ordinary care as the owner and operator
of the slide; Carnival owed the same duty of care because of its status as owner or occupier of the
land. See Redinger v. Living, Inc., 689 S.W.2d 415, 417 (Tex. 1985); Scroggins v. City of
Harlingen, 112 S.W.2d 1035, 1041 (Tex. 1938); Lewis v. Great Southwest Corp., 473 S.W.2d
228, 230 (Tex. Civ. App.Ft. Worth 1971, writ ref'd n.r.e.); see also 4 Am. Jur. 2d Amusements
and Exhibitions § 64 (1962).

 With respect to the issue of breach of duty, the evidence was legally and factually
sufficient to establish negligence. Phillips, Lutkins's friend, testified at trial that the slide "didn't
look like it fit right. . . . It looked like [the sections of the slide] had a buckle where one
overlapped the other in the wrong direction." In addition, at trial Lutkins introduced several
pictures of the slide that showed cracks, crevices, and an unpadded, unprotected metal structural
brace on the surface of the slide; he testified that all the pictures introduced accurately reflected
the appearance of the slide at the time of his injury. Neither appellant introduced evidence to
contradict this testimony. Failure either to properly assemble the slide or to maintain the slide
in a safe condition constitutes some evidence demonstrating a breach of duty. We conclude that
the evidence presented at trial was legally sufficient to establish negligence. Further, after
reviewing all the evidence, we conclude that the jury's finding of negligence was not so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. 

 In addition, the evidence presented was legally and factually sufficient to establish
that appellants' negligence was the proximate cause of Lutkins's injuries. Proximate cause
consists of two elements: foreseeability and cause-in-fact. Brown v. Edwards Transfer Co., 764
S.W.2d 220, 223 (Tex. 1988). Foreseeability means that a person of ordinary intelligence would
have anticipated the danger of such act; however, the actor need not foresee the particular injury
that in fact occurs. Id. The uncontradicted testimony at trial suggested that the slide was
improperly assembled and was not maintained in a safe condition. A person of ordinary
intelligence would have anticipated danger from the existence of either circumstance. We
conclude that the evidence is legally sufficient to establish the foreseeability element of proximate
cause. 

 Cause-in-fact means that the negligent act at issue was a substantial factor in
producing the injury and that no harm would have resulted without such negligence. Id. Lutkins
testified that he had a conscious recollection of his finger getting caught "in some crack
somewhere" on the slide. This testimony constitutes some evidence that the defect in the slide was
a substantial factor in producing Lutkins's injury; we conclude, therefore, that such evidence is
legally sufficient to establish the cause-in-fact element of proximate cause.

 Further, after reviewing all the evidence, we conclude that the jury's finding of
proximate cause was not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.

 Accordingly, we overrule Carnival's fifth and sixth points of error and Atkins's
third and fourth points of error.

 We affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: January 13, 1993

[Do Not Publish]
1. Atkins raised a fifth point of error in his brief to this Court asserting that Lutkins's
claims were barred by limitations. However, this point was subsequently withdrawn by letter
dated March 11, 1992.
2. Because we decide this point of error on procedural grounds, we find it unnecessary to
determine under which of the two theories the case should have been submitted. 
3. However, even if Rule 273 allows a request to be presented after the charge is read to
the jury, such request must still be submitted within a "reasonable time" after it is given to the
parties or their attorneys for examination. Carnival did submit requested instructions in
writing to the trial court; however, its request was submitted at least six days after the charge
was given to Carnival for examination.


 Although the record is unclear exactly when the parties were provided with the charge
for examination, all parties clearly had the opportunity to review the charge by the morning of
Wednesday, August 28, 1991. The jury rendered its verdict on Thursday, August 29. 
Carnival did not submit its requested instruction until Tuesday, September 3. We conclude, as
a matter of law, that this time span exceeded the "reasonable time" allowed by Rule 273.