Larry MASON, Appellant,

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY,**
Appellee.

No. 01–93–00169–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 8, 1994.

Rehearing Overruled Jan. 5, 1995.

Sidney Ravkind, Barbara J. Gardner, Houston, for appellant.

Harding J. Rome/Christiana Dijkman, Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Appellant, Larry Mason, appeals from a take-nothing judgment. Mason asserts that the trial court erred by refusing to submit proper jury instructions, and that the jury's finding on negligence is not supported by the evidence. We affirm.

Mason sued his employer, Southern Pacific Transportation Company (Southern Pacific), under the Federal Employers' Liability Act (FELA), 45 U.S.C.S. § 51 (Law.Co-op.1981), and the Boiler Inspection Act, 45 U.S.C.S. § 23 (Law.Co-op.Supp.1993), for damages arising from a back injury that he allegedly sustained during the course of his employment. Mason contends that, on May 11, 1989, while working as a railroad engineer, he was injured when he attempted to open a window inside the cab of a switch engine owned by his employer.

### Point of error one

In point of error one, Mason contends that the trial court improperly instructed the jury in its charge on the duty to inspect the job site. The jury was given the following instruction:

> The Plaintiff, Mr. Mason, was also under a duty, constant and continuing to exercise ordinary care to inform himself of the proper methods of doing his work, to inform himself of his surroundings, and of any condition which might create any danger or hazard to him and to use such care to avoid injury from it.

Although the jury was given a general definition of negligence, the jury was not given any specific definition or instruction regarding Southern Pacific's duty similar to the instruction regarding Mason's duty. The record shows that Mason did not submit an

instruction to the trial court regarding the duty owed by Southern Pacific. However, Mason's attorney objected to the omission of an instruction on Southern Pacific's duty of care:

> [Mason's attorney]: Plaintiff objects to Instruction No. 1 as contained in the Court's charge in that the imposition contained in Instruction No. 1 of the duty constant and continuing to exercise ordinary care to inform himself of his surroundings and of any condition which might create any danger or hazard to him and to use such care to avoid injury from it, ... is an instruction which imposes a unilateral duty upon Mr. Mason where the federal law is, in fact, that the duty is mutual, that the Southern Pacific Company has a like duty to exercise care and that that duty, likewise, is constant, continuing in connection with the same matters that are stated in Instruction No. 1. And to instruct the jury that Mr. Mason has such a duty without also instructing the jury at a very minimum that the Southern Pacific Company has such a duty is, we believe, indeed error.

In his objection, Mason stated that the duty of care under FELA is mutual between an employer and employee, and that to instruct the jury on Mason's duty but not Southern Pacific's duty, was error.

■ A party is required to request and tender to the trial court a substantially correct instruction in writing when the trial court omits the instruction from the jury charge. TEX.R.CIV.P. 278; *Woods v. Crane Carrier Co.,* 693 S.W.2d 377, 379 (Tex.1985); *Yellow Cab and Baggage Co. v. Green,* 277 S.W.2d 92, 93 (Tex.1955). If a party fails to do so, any error by the trial court in not submitting the instruction to the jury is waived. *Woods,* 693 S.W.2d at 379. Although he objected to the omission of the instruction in the charge, Mason did not submit a written instruction on Southern Pacific's duty of care for the trial court's consideration. Southern Pacific argues that Mason waived any error because he did not submit, separate and apart from his objection to the charge, the requested instruction in writing.

Rule 278 of the Texas Rules of Civil Procedure provides in part:

> Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been *requested in writing* and tendered by the party complaining of the judgment.

(Emphasis added). Although Mason made an objection to the trial court that the charge omitted an instruction on Southern Pacific's duty of care, he did not comply with rule 278. Therefore, Mason has waived his complaint on appeal.

The dissent relies on *State Dept. of Highways & Public Transportation v. Payne,* 838 S.W.2d 235 (Tex.1992) to support its argument that Mason's objection was sufficient to preserve error. In *Payne,* the State submitted in writing a question on an element omitted from the plaintiff's jury question. *Id.* at 239. The plaintiff argued that the State had waived its jury charge complaint because it was required to object to the omitted element rather than tender a written question to the trial court. The supreme court held that the written request by the State, which did not have the burden of proof, was sufficient to serve as an objection. *Id.* at 240.

Rule 278 provides that to preserve error, an omitted question must be tendered in writing, *except* that an objection by a party who does not have the burden of proof shall suffice. *Payne* tells us that if an objection suffices to make the trial court aware of a party's complaint, so does submitting a written question. *Id.* at 240. The holding in *Payne* does not violate rule 278 because the State had no obligation to submit in writing a desired question. Rather, the submission was the duty of the plaintiff because he is the party complaining of the judgment. TEX. R.CIV.P. 278.

However, the holding in *Payne* does not work in reverse. Mason, as the complaining party, had an obligation under rule 278 to request in writing the omitted instruction on Southern Pacific's duty of care. If we were to hold that Mason's objection to the omitted instruction was sufficient to preserve error, we would be ignoring the dictates of rule 278. In *Payne,* the supreme court stated that it is

not revising the Texas Rules of Civil Procedure by opinion, 838 S.W.2d at 241, and its holding neither revises nor violates the dictates of rule 278.

The dissent also relies on *Spencer v. Eagle Star Ins. Co.*, 876 S.W.2d 154, 157 (Tex.1994). In *Spencer*, the supreme court held that while a jury question was defective, it was not immaterial; therefore, the trial court erred in disregarding the jury's answer. The supreme court found that Eagle Star properly objected to the defective question and was entitled to a new trial. *Id. Spencer* is not relevant to the facts of this case.

We overrule point of error one.

**Point of error two**

■ In point of error two, Mason contends that the trial court erroneously refused his instruction to the jury that an employee does not assume the risk of his employment under FELA. Mason objected to the trial court's failure to include in the charge an instruction on assumption of the risk and dictated into the record such an instruction. However, dictating the instruction into the record was insufficient to preserve error on appeal. *Woods*, 693 S.W.2d at 379; *Hartnett v. Hampton Inns, Inc.*, 870 S.W.2d 162, 165 (Tex.App.—San Antonio 1993, writ denied); *James v. Hill*, 753 S.W.2d 839, 840 (Tex. App.—Fort Worth 1988, no writ). Mason did not submit a written instruction to the trial court and therefore, did not comply with Tex.R.Civ.P. 278. He has waived his complaint on appeal.

We overrule point of error two.

**Point of error three**

In point of error three, Mason complains that there was no evidence or insufficient evidence for the jury to find him 100 percent negligent and therefore, to deny him a damage award.

■ We must limit our review to the legal sufficiency of the evidence. Any review of the factual insufficiency of the jury verdict on liability is precluded under FELA. *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *Texas and Pac. Ry. v. Roberts*, 481 S.W.2d 798, 800 (Tex.1972). In *Roberts*, the supreme court

held that "a jury's verdict on liability issues in F.E.L.A. cases, whether for the employer or employee, cannot be reviewed on appeal using local 'weight and sufficiency standards.'" 481 S.W.2d at 801. Therefore, we have no authority to decide whether the jury finding on liability was against the great weight and preponderance of the evidence.

We find Mason's challenge to the legal sufficiency of the evidence to be without merit. Mason argues that the jury found him 100 percent negligent, which, therefore, deprived him of a damage award. However, Mason misrepresents the jury verdict regarding negligence.

The jury was asked whether the negligence, if any, of Southern Pacific or Mason caused Mason's back injury. The jury was then asked to assign percentages of negligence to Southern Pacific and Mason if both were negligent. The jury answered that neither Southern Pacific nor Mason were negligent and did not answer the question regarding percentages of negligence. Because the jury did not affirmatively answer the negligence question, it did not answer the damage question that followed. Therefore, the jury concluded that Mason's injury, if any, was *not* caused by his or Southern Pacific's negligence.

The jury did not find Mason negligent. Therefore, no error asserted by Mason under this point exists.

We overrule point of error three.

We affirm the trial court's judgment.

O'CONNOR, J., dissenting.

OLIVER–PARROTT, C.J., requested a vote to determine if the case should be heard en banc, pursuant to Tex.R.App.P. 79(d), (e) and Tex.R.App.P. 90(e).

DUGGAN, COHEN, HUTSON–DUNN, MIRABAL, and HEDGES, JJ., voted against en banc consideration. WILSON, J., did not participate.

OLIVER–PARROTT, C.J., and O'CONNOR and ANDELL, JJ., dissented from the denial of en banc consideration and OLIVER–PARROTT, C.J., joins O'CONNOR'S, J., dissent.

O'CONNOR, Justice, dissenting.

Instead of reaching the merits of Mason's objections to the charge, the majority holds he waived his objections. I disagree. In *State Dept. of Highways & Public Transportation v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992), the Supreme Court said:

> There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling.

By its opinion in Payne, the Supreme Court indicated a major policy shift. The Court said:

> The flaws in our charge procedures stem partly from the rules governing those procedures and partly from caselaw applying those rules. Last year we asked a special task force to recommend changes in the rules to simplify charge procedures, and amendment are under consideration. Rules changes must await the completion of that process; we do not review our rules by opinion.... We can, however, begin to reduce the complexity that caselaw has contributed to charge procedures.

Id. at 241.

### Instruction on duty of care

In point of error one, the majority holds that Mason did not preserve the error in the charge. Mason's attorney could not have made his objection any clearer. He argued that the jury was not given any specific definition or instruction regarding Southern Pacific's duty similar to one given regarding Mason's duty. In his objection, Mason stated that the duty of care under FELA is mutual between an employer and employee, and that to instruct the jury on Mason's duty but not Southern Pacific's duty, was error.

The error in *Spencer v. Eagle Star Ins. Co.*, 876 S.W.2d 154, 157 (Tex.1994), was similar to the one here. In *Spencer*, Mr. Spencer complained on appeal that the question submitted to the jury did not specify for which actions Eagle Star could be liable. *Id.* In that case, the Supreme Court said "an objection is sufficient to preserve error in a defective instruction. A request of substantially correct language is not required." Following *Spencer*, we should reverse for retrial because the instruction accompanying the question was defective and Mason objected to it.

Today's opinion increases the complexity that caselaw has contributed to the charge procedures. I would sustain point of error one.

OLIVER–PARROTT, C.J., joins this dissenting opinion.