Briggs v. Love 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-031-CV

Â Â Â Â Â PRESTON BRIGGS, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â K. LOVE, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

From the 87th District Court
Freestone County, Texas
Trial Court # 95-039-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Preston Briggs, et al. appealed from the court's dismissal of their in forma pauperis petition. 
See Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001 (Vernon Supp. 1995). Briggs filed a notice
of appeal on February 10, 1995, and the transcript was filed in this court on February 13. 
Although his brief was due on March 15, no appellant's brief has been filed. See Tex. R. App.
P. 74(k). Appellate Rule 74(l)(1) provides:
Civil Cases. In civil cases, when the appellant has failed to file his brief in the time
prescribed, the appellate court may dismiss the appeal for want of prosecution, unless
reasonable explanation is shown for such failure and that appellee has not suffered
material injury thereby. The court may, however, decline to dismiss the appeal,
whereupon it shall give such direction to the cause as it may deem proper.
Id. 74(l)(1).
Â Â Â Â Â Â More than thirty days have passed since Briggs' brief was due. We notified Briggs of this
defect by letter on April 28. See id. 60(a)(2), 83. He has not responded to our letter showing
grounds for continuing the appeal, nor has he provided a reasonable explanation for failing to file
a brief. Therefore, this appeal is dismissed for want of prosection. See id. 74(l)(1).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed for want of prosecution
Opinion delivered and filed May 11, 1995
Do not publish 



hen
he unlawfully appropriates property with intent to deprive the owner of
property.ÂÂ  Tex. Pen. Code Ann. Â§
31.03(a) (Vernon Supp. 2008).Â  When a defendant offers evidence that allegedly
stolen property was abandoned, this raises a mistake-of-fact defense.Â  See
Durden, 2009 WL 1347180, at *5; Tex.
Pen. Code Ann. Â§ 8.02 (Vernon 2003); see also Ingram v. State,
261 S.W.3d 749, 753-54 (Tex. App.ÂTyler 2008, no pet.) (Âit is possible to take
possession of abandoned property without committing a theft or intending to
commit a theftÂ).

Â Â Â Â Â Â Â Â Â Â Â  F.L.R. testified that he
found the sweatshirt on the bleachers about an hour after the complainant
testified that he first noticed that it was missing. Â No one was around when he
found the sweatshirt.Â  F.L.R. saw no identifying information on the sweatshirt.[1]Â 
He similarly told the coaches that he found the sweatshirt in the bleachers.Â  A
private investigator testified that he interviewed the complainant who told him
that he had left his sweatshirt in the bleachers.

Â Â Â Â Â Â Â Â Â Â Â  Viewed in the light most
favorable to F.L.R., this evidence raises the mistake-of-fact defense.Â  See
Durden, 2009 WL 1347180, at *5.Â  Counsel orally requested a jury
instruction on this defense, but he did not submit a written request for the
instruction as required by Rule of Civil Procedure 278.Â  See Tex. R. Civ. P. 278 (ÂFailure to submit
a definition or instruction shall not be deemed a ground for reversal of the
judgment unless a substantially correct definition or instruction has been
requested in writing and tendered by the party complaining of the judgment.Â); In
re M.P., 126 S.W.3d 228, 230 (Tex. App.ÂSan Antonio 2003, no pet.) (Rules
of Civil Procedure govern the jury charge in a juvenile delinquency proceeding)
(citing In re A.A.B., 110 S.W.3d 553, 555-56 (Tex. App.ÂWaco 2003, no
pet.)).

Â Â Â Â Â Â Â Â Â Â Â  Counsel dictated the desired
instruction on the record.Â  This would suffice to preserve the issue for
appellate review under article 36.15 of the Code of Criminal Procedure.Â  See
Tex. Code Crim. Proc. Ann. art.
36.15 (Vernon 2006); A.A.B., 110 S.W.3d at 557.Â  But it does not satisfy
the requirements of Rule 278.Â  See Tex.
R. Civ. P. 278; A.A.B., 110 S.W.3d at 558.Â  The Supreme Court has
specifically addressed the propriety of dictating a request on the record and
has concluded that doing so does not suffice.Â  Woods v. Crane Carrier Co.,
693 S.W.2d 377, 379 (Tex. 1985).Â  The San Antonio Court has declined to follow Woods,
concluding that it is inconsistent with the Âcommon senseÂ approach encouraged
by the Supreme Court in State Department of Highways and Public
Transportation v. Payne.Â  See M.P., 126 S.W.3d at 230-31 (citing Payne,
838 S.W.2d 235, 241 (Tex. 1992)).Â  Yet, every other court which has applied Woods
since Payne was decided has declined to relax the requirement of Rule
278 that a written request must be made.Â  See Laas v. State Farm Mut. Auto.
Ins. Co., No. 14-98-00488-CV, 2000 WL 1125287, at *12 (Tex. App.ÂHouston [14th Dist.] Aug. 10, 2000, pet. denied); Sibert v. Coats, No.
06-98-00065-CV, 1999 WL 182318, at *1 (Tex. App.ÂTexarkana Apr. 5, 1999, no
pet.); Fairfield Estates L.P. v. Griffin, 986 S.W.2d 719, 724 (Tex.
App.ÂEastland 1999, no pet.); Gilgon, Inc. v. Hart, 893 S.W.2d 562,
565-67 (Tex. App.ÂCorpus Christi 1994, writ denied); Mason v. S. Pac. Transp. Co., 892 S.W.2d 115, 118 (Tex. App.ÂHouston [1st Dist.] 1994, writ
denied); see also Hartnett v. Hampton Inns, Inc., 870 S.W.2d 162, 165
(Tex. App.ÂSan Antonio 1993, writ denied).

Â Â Â Â Â Â Â Â Â Â Â  In Payne, the Supreme
Court chracterized Texas jury charge procedure as Âa labyrinth daunting to the
most experienced trial lawyer.ÂÂ  Payne, 838 S.W.2d at 240.Â  The Court
discussed the complexities and flaws of these procedures at length and reached
the following conclusion:

Â Â Â Â Â Â Â Â Â Â Â  The flaws in our charge
procedures stem partly from the rules governing those procedures and partly
from caselaw applying those rules.Â  Last year we asked a special task force to
recommend changes in the rules to simplify charge procedures, and amendments
are under consideration.Â  Rules changes must await the completion of that
process; we do not revise our rules by opinion.Â  We can, however, begin to
reduce the complexity that caselaw has contributed to charge procedures.Â  The
procedure for preparing and objecting to the jury charge has lost its
philosophical moorings.Â  There should be but one test for determining if a
party has preserved error in the jury charge, and that is whether the party
made the trial court aware of the complaint, timely and plainly, and obtained a
ruling.Â  The more specific requirements of the rules should be applied, while
they remain, to serve rather than defeat this principle.

Â 

Id. at 241 (citation omitted).

Â Â Â Â Â Â Â Â Â Â Â  The Corpus Christi Court
provided a persuasive explanation in Gilgon for why the requirements of
Rule 278 have not been superseded in any way by Payne:

Payne does not abandon the rules of civil procedure in favor of
a test based on Âwhether the party made the trial court aware of the complaint,
timely and plainly, and obtained a ruling.ÂÂ  Instead, Payne demands that
we apply the rules Âwhile they remainÂ despite the fact that the rules cannot
always be reconciled with what the test Âshould be.Â

Â 

Gilgon, 893 S.W.2d at 565 (quoting Payne, 838 S.W.2d at
241).Â  Rule 278 has not been amended since Payne was decided.Â  ÂPayne
demands that we apply [this rule]Â as it still remains.Â  See id.

Â Â Â Â Â Â Â Â Â Â Â  CounselÂs oral request for
an instruction on the mistake-of-fact defense did not satisfy the requirements
of Rule 278.Â  The defense was raised by the evidence, but counsel failed to
preserve for appellate review the trial courtÂs refusal to submit an
instruction on the defense.Â  F.L.R. has met the first element of the Strickland
test for ineffective assistance.Â  See Davis v. State, 278 S.W.3d 346,
352 (Tex. Crim. App. 2009) (counselÂs failure to request accomplice-witness
instruction met first element of Strickland).

Prejudice

Â Â Â Â Â Â Â Â Â Â Â  F.L.R. must also establish a
reasonable probability the outcome would have been different but for counselÂs
deficient performance.Â  Ellis, 233 S.W.3d at 330; see S.C., 229
S.W.3d at 842; R.X.F., 921 S.W.2d at 902.

Â Â Â Â Â Â Â Â Â Â Â  In Davis, the Court
of Criminal Appeals discussed the appropriate analysis for an ineffective
assistance claim in which counsel failed to request an accomplice-witness
instruction.Â  See Davis, 278 S.W.3d at 352-53.Â  Regarding prejudice, the
Court held that this issue Âwill generally turn on whether there was a
substantial amount of non-accomplice evidence and whether the record reveals
any rational basis on which the jury could have doubted or disregarded that
evidence.ÂÂ  Id. at 353.Â  Â[E]ach case must be judged on its own unique
facts.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â Â Â  It is also appropriate to
consider criminal cases outlining the scope of review for assessing whether a
defendant has suffered harm because of charge error.Â  In this context, an
appellate court considers: Â(1) the charge itself; (2) the state of the
evidence, including contested issues and the weight of the probative evidence; (3)
arguments of counsel; [and] (4) any other relevant information revealed by the
record of the trial as a whole.ÂÂ  Martin v. State, 200 S.W.3d 635,
641-42 (Tex. Crim. App. 2006) (citing Hutch v. State, 922 S.W.2d 166,
171 (Tex. Crim. App. 1996)).

Â Â Â Â Â Â Â Â Â Â Â  We have already addressed
the error in the charge.Â  Regarding the state of the evidence, the juryÂs
verdict came down to whether the jurors believed F.L.R. or the complainant
about where F.L.R. got the sweatshirt.Â  Most of the evidence admitted favored
the complainantÂs version of the events.Â  The parties addressed abandonment of
property during voir dire, in their opening statements, and in their arguments
to the jury.Â  The jury deliberated for just over an hour before returning the
verdict.

Â Â Â Â Â Â Â Â Â Â Â  The State presented a
Âsubstantial amountÂ of evidence which supported the complainantÂs version of
the events.Â  The jury was given the opportunity to disregard this evidence and
to accept F.L.R.Âs version of the events, but the jury chose not to.Â  See Davis, 278 S.W.3d at 353.Â  The State also presented evidence that F.L.R. later
threatened the complainant if he did not drop the charges, which suggests
consciousness of guilt.[2]Â 
See Durden, 2009 WL 1347180, at *6; Claxton v. State, 124 S.W.3d 761,
766 (Tex. App.ÂHouston [1st Dist.] 2003, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  In some instances, the
denial of a proper defensive instruction will prevent a defendant from arguing
a defensive issue.Â  Here, however, F.L.R. fully argued his theory that the
sweatshirt had been abandoned.Â  See Durden, 2009 WL 1347180, at *7.

Â Â Â Â Â Â Â Â Â Â Â  For these reasons, we conclude
that there is not a reasonable probability the outcome would have been
different but for counselÂs deficient performance.Â  See Ellis, 233
S.W.3d at 330; S.C., 229 S.W.3d at 842; R.X.F., 921 S.W.2d at
902.

We overrule F.L.R.Âs sole issue and
affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief Justice Gray concurs only in the
judgment and only to the extent that it affirms the trial courtÂs judgment.Â  A
separate opinion will not issue.)

(Justice Davis concurs
because no prejudice has been shown as required by Strickland v. Washington
and Ex parte Ellis.Â  A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed June 10, 2009

[CV06]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Conversely, the
complainant testified that his father wrote his name inside the pocket of the
sweatshirt with a silver permanent marker.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The State also
charged F.L.R. with retaliation based on this evidence, but the jury acquitted
him of this charge.