In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00290-CV

____________


GEORGE AND BETH FRASER, Appellants


V.


BAYBROOK BUILDING CO., INC., Appellee






On Appeal from the 212th District Court 

Galveston County, Texas

Trial Court Cause No. 99CV0688 





MEMORANDUM OPINION


 Appellants George and Beth Fraser (the Frasers) sued Baybrook Building
Company, Inc. (Baybrook) for breach of contract, fraud, conversion, trespass,
violations of the Texas Residential Construction Disclosure Statement, and violations
of the Texas Deceptive Trade Practices Act (DTPA) (1) in connection with a contract
to construct a house. Baybrook counterclaimed for breach of contract, breach of the
duty of good faith and fair dealing, unjust enrichment, and tortious interference with
the construction contract. Baybrook also claimed a lien on the house and sought
judicial foreclosure. A jury found in favor of Baybrook and awarded $81,551 in
actual damages and $35,000 in attorney's fees, and the trial court ordered judicial
foreclosure on Baybrook's lien to satisfy the judgment. 

 In seven issues, the Frasers contend that the evidence was factually insufficient
to support two of the jury's findings and that the trial court erred by declining to
submit a proper jury instruction on damages, ordering a judicial foreclosure on an
invalid lien, allowing the proceeds of the foreclosure sale to secure attorney's fees
awarded to Baybrook, and declining to award attorney's fees to the Frasers. We
modify the judgment and affirm as modified. 

Factual & Procedural Background

 On June 11, 1998, the Frasers entered into an agreement with Baybrook to have
a house built in Galveston County. The plans for the house were drawn up by the
Frasers and called for a construction material known as "Rastra" and for steel wall
supports, trusses, and roofing shingles. The Frasers hired Saaduddin Ahmed to
engineer the plans. Under the proposal, Baybrook agreed to furnish the materials and
labor necessary to complete the contemplated construction. Thereafter, on August 7,
1998, Baybrook entered into a mechanic's and materialman's lien contract with the
Frasers by which Baybrook agreed to complete construction by July 31, 1999. The
Frasers negotiated a loan with Colonial Savings (Colonial) in the amount of $259,500
to secure Baybrook's services. 

 After experiencing several delays, Baybrook was unable to complete
construction by the July 1999 deadline. The Frasers sued Baybrook, seeking damages
for the loss of a loan commitment at a favorable interest rate, the cost of completing
the construction in a good and workmanlike manner, mental anguish, diminished
market-value of the property, and attorney's fees. Baybrook counterclaimed, seeking
damages for the unpaid balance due under the contract, interest on the unpaid
balance, and attorney's fees. The case was tried to a jury.

 The jury found that (1) Baybrook complied with its proposal with the Frasers,
(2) Baybrook did not complete construction of the house in a good and workmanlike
manner, (3) Baybrook's failure to complete construction in a good and workmanlike
manner was not the proximate cause of the Frasers' damages, (4) the Frasers were not
entitled to recover attorney's fees, (5) Baybrook substantially performed under the
June 11, 1998 proposal, (6) Baybrook was entitled to recover $81, 551 under the June
11, 1998 proposal, and (7) Baybrook was entitled to recover $35,000 in attorney's
fees. The trial court entered judgment in accordance with the jury's findings and
ordered judicial foreclosure of Baybrook's mechanic's and materialman's lien to
satisfy the judgment. The Frasers subsequently filed this appeal. 

Factual Sufficiency

 In their sixth and seventh issues, the Frasers argue that the judgment should be
reversed because the evidence was factually insufficient to support the jury's findings
that (1) Baybrook complied with the June 11, 1998 proposal and (2) Baybrook's
failure to complete construction in a good and workmanlike manner was not the
proximate cause of the Frasers' damages. 

 We will sustain a factual sufficiency challenge only if, after viewing all the
evidence, the evidence is so weak or the verdict so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986). As we examine the evidence, we remain mindful that the jury
is the sole judge of witness credibility and the weight to be given testimony. 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). The jury may believe
one witness and disbelieve another and resolve inconsistencies in any testimony. Id. 
This Court cannot substitute its opinion for that of the trier of fact or determine that
it would have weighed the evidence differently or reached a different conclusion. 
Hollander v. Capon, 853 S.W.2d 723, 726 (Tex. App.--Houston [1st Dist.] 1993,
writ denied). 

A. Compliance Under the June 11, 1998 Proposal 

 Seventeen witnesses testified at trial. There was some testimony that (1) the
house was not completed in a timely manner, (2) the house failed inspection, (3) the
house had various construction problems, and (4) the Frasers were forced to hire
additional contractors to correct and complete Baybrook's faulty work. The Frasers
contend that this testimony established that Baybrook did not comply with the June
11, 1998 proposal.

 Other testimony, however, reflects that (1) the Frasers prevented Baybrook
from obtaining a final inspection on the house, (2) the Frasers would not allow
Baybrook to install a water heater in accordance with the Frasers' design, (3) the
Frasers prevented Baybrook from obtaining a gas permit, (4) the Frasers discharged
Baybrook before it could complete construction, (5) the Frasers prevented Baybrook
from passing the final inspection of the house, (6) Baybrook "basically finished"
construction on the house, and (7) problems existed with the Frasers' house design
calling for "Rastra" in combination with a steel truss system. Baybrook contends that
this testimony established that any faulty construction resulted from the Frasers'
substandard plans and their interference with Baybrook's completing the house.

 In finding that Baybrook complied with the June 11, 1998 proposal, the jury
reconciled the divergent views from a variety of witnesses. We decline to circumvent
the jury's role as the sole judge of witness credibility and the weight to accord
testimony in order to arrive at a different result. See McGalliard, 722 S.W.2d at 697. 
After reviewing the record, we hold that the evidence that Baybrook complied with
the June 11, 1998 proposal was not so weak or the jury's verdict so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain, 709
S.W.2d at 176.

 We overrule issue six. 

B. Proximate Cause of the Frasers' Damages 

 In issue seven, the Frasers contend that the evidence at trial was factually
insufficient to support the jury's finding that, although Baybrook did not complete
construction in a good and workmanlike manner, this failure did not proximately
cause the Frasers' damages. The Frasers reiterate here the same arguments that were
raised in their previous factual-sufficiency challenge. For the reasons stated above,
we reject these arguments.

 We overrule issue seven.

Jury Instruction on Damages

 In their fifth issue, the Frasers contend that the trial court erred by not including
an instruction on the proper measure of damages in the charge to the jury. To
preserve error based on an omitted instruction in a jury charge, a party must object to
the charge and tender a substantially correct instruction to the trial court. Mason v.
Southern Pac. Transp. Co., 892 S.W.2d 115, 117 (Tex. App.--Houston [1st Dist.]
1994, writ denied). The Frasers neither objected to the charge nor submitted a written
instruction to the trial court. Their complaint is therefore waived on appeal. Tex. R.
App. P. 33.1. 

 We overrule issue five. 

Mechanic's and Materialman's Lien

 In their first and second issues, the Frasers contend that the trial court erred in
ordering judicial foreclosure on Baybrook's mechanic's and materialman's lien. The
Frasers assert that the lien was invalid because it did not adhere to constitutional and
statutory prerequisites for perfecting a lien on a homestead. See Tex. Const. art.
XVI, § 50(a)(5); Tex. Prop. Code Ann. §§ 53.001-.260 (Vernon Supp. 2003). (2) 
Alternatively, the Frasers contend that, to the extent Baybrook did perfect a lien on
the homestead, Baybrook cannot enforce the lien because it was assigned to Colonial.

 Baybrook contends that the mechanic's and materialman's lien contract entered
into on August 7, 1998 created a valid lien on the Frasers' homestead. Under that
contract, Baybrook agreed to construct a residence on the Frasers' property. In
exchange for Baybrook's services, the Frasers executed a $259,500 mechanic's lien
note, naming Baybrook as payee. Furthermore, the contract provided:

This Mechanic's Lien Contract is made . . . between the undersigned
owner [the Frasers] and Contractor [Baybrook] and provides for a
transfer of lien to Colonial Savings, F.A. 


In addition, paragraph 5 of the contract states:

5. Assignment of Mechanic's Lien Contract. In consideration of
Lender's [Colonial's] advance of all or a portion of the Contract Price,
Contractor hereby transfers and assigns to Lender . . . all of Contractor's
rights and liens in this Contract and Lender is subrogated to all the rights
and equities of Contractor. 

 

 A review of the August 7, 1998 contract shows that any liens Baybrook may
have acquired through that contract were assigned to Colonial in exchange for
Colonial's commitment to provide interim construction financing. Baybrook was free
to assign any rights or liens it acquired under the contract. See State Farm Fire &
Cas. Co. v. Gandy, 925 S.W.2d 696 (Tex. 1996). Irrespective of whether the lien
satisfies the constitutional and statutory prerequisites to perfecting a lien on a
homestead, we hold that Baybrook did not possess a mechanic's and materialman's
lien because it assigned any liens it may have acquired under the August 7, 1998
contract to Colonial, thus giving Colonial the exclusive right to foreclose on the liens. 

 Baybrook has pointed us to no other document in the record that would
establish a valid mechanic's and materialman's lien on the Frasers' homestead. 
Because Baybrook relies on the August 7, 1998 contract as its sole basis in claiming
lienholder status, and because Baybrook assigned its liens under that contract to
Colonial, we hold that the trial court erred in ordering judicial foreclosure on a
mechanic's and materialman's lien that Baybrook did not possess and, therefore,
could not enforce. 

 We sustain issues one and two. Because we sustain these issues, we need not
address the Frasers' third issue, which challenges the trial court's allowing the
proceeds of the foreclosure sale to secure attorney's fees awarded to Baybrook.

Attorney's Fees In their fourth issue, the Frasers contend that the trial court erred by declining
to award their claim for attorney's fees. The Frasers assert that, because they were
entitled to judgment as a matter of law, and because they are a prevailing party, they
must be awarded attorney's fees. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001
(Vernon Supp. 2003); Tex. Bus. & Comm. Code Ann. § 17.50(d). 

 The Frasers have not shown how or why they were entitled to judgment as a
matter of law and, therefore, have not shown that they prevailed in this lawsuit. Thus,
we hold that the trial court did not err by declining to award attorney's fees to the
Frasers.

 We overrule issue four. 


Conclusion

 We modify the judgment of the trial court by deleting all portions that order
judicial foreclosure of a mechanic's and materialman's lien in favor of Baybrook. We
affirm the judgment as modified.




 Elsa Alcala

 Justice


Panel consists of Justices Hedges, Jennings, and Alcala. 

 
1. Tex. Bus. & Comm. Code Ann. § 17.41-.63 (Vernon 2002). 
2. Baybrook does not contest that the Frasers' house is a "homestead" under
Texas law. See Tex. Const. art. XVI, § 50.